IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOBY VANDERSALL<br>432 Hillside Avenue<br>Jenkintown, PA 19046 | : CIVIL ACTION<br>:<br>:<br>: |
| Plaintiff,<br>v. | : CASE NO.:<br>:<br>: |
| BENSALEM TOWNSHIP<br>SCHOOL DISTRICT<br>3000 Donallen Drive<br>Bensalem, PA 19020 | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

## CIVIL ACTION COMPLAINT

Toby Vandersall (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against the Bensalem Township School District (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations under the ADA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative remedies before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within ninety (90) days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant operates through 9 (nine) schools with more than 6,000 students and is headquartered at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 37-year-old female.

12. Plaintiff obtained a Bachelor's Degree from Temple University in or about 2013.

13. Plaintiff has worked in the field of school psychology for more than 10 years.

14. Plaintiff was hired by Defendant on or about August 30, 2020; and in total, was employed by Defendant for approximately five (5) years.

15. At all times during Plaintiff's employment with Defendant, she held the position of Certified School Psychologist.

16. Plaintiff was qualified for the job, as she possessed the requisite knowledge and skill to perform the job.

17. Plaintiff's primary supervisor was Brian Cohen (hereinafter "Cohen"), Assistant to the Superintendent, Special Services.

18. From a Human Resources standpoint, Plaintiff primarily reported to Director of Human Resources, Joseph Langowski (hereinafter "Langowski").

19. Throughout Plaintiff's employment, she performed well and, as a result, was often praised for her performance. For example, Plaintiff received positive performance evaluations,

3

praise from supervisors commending her work and emails from parents thanking her for her work.

20. Plaintiff was initially hired to work five (5) days per week at Belmont Hills Elementary School, to cover for another employee's maternity leave; and worked from home part-time because the school was operating on a virtual schedule due to COVID-19 restrictions.

21. After the employee returned to work, Cohen told Plaintiff that Plaintiff could work three (3) days per week and "share" Belmont Hills Elementary School with the returning employee.

22. However, Plaintiff was only permitted by Defendant to work two (2) days per week.

23. In or about the second half of 2022, Plaintiff was finally offered a third day of work wherein she worked "per diem" at the Bensalem High School one (1) day per week and continued to work her two (2) days per week at Belmont Hills Elementary school.

24. Then, in or about 2023, Plaintiff was offered a position working at Faust Elementary School three (3) days per week, which she accepted.

25. Plaintiff has and continues to suffer from ADA-qualifying disabilities, such as anxiety, depression, postherpetic neuralgia ("PHN") which is a complication from the shingles virus, and other associated conditions/complications.

26. As a result of Plaintiff's aforementioned health conditions, Plaintiff suffers from panic attacks, mood changes, and difficulty concentrating as well as severe pain which (at times) limits her ability to perform some daily life functions, such as sleeping, concentrating, and driving (among other daily life activities).

27. Despite these health conditions and limitations, Plaintiff was able to perform her job duties well; however, Plaintiff (at times) needed some reasonable medical accommodations.

28. In or about mid-2024, Plaintiff informed Mr. Cohen about her medical conditions and informed him of her need for accommodations.

29. For example, Plaintiff requested an accommodation of working from home when she was suffering from a flare-up of her medical conditions.

30. Plaintiff was able to perform her job duties from home, as much of her role involved documentation and report writing.

31. Initially, Plaintiff's work-from-home accommodation was granted, informally, by Cohen.

32. However, shortly thereafter, Plaintiff returned to work mostly in-person, because she felt pressure from Defendant to do so, despite her continued challenges with her medical conditions.

33. Nonetheless, Plaintiff continued to be adamant with Defendant about her need for accommodations.

34. On or about April 4, 2025, Plaintiff had a meeting with Langowski wherein she again requested to work from home because of her medical conditions.

35. Langowski approved Plaintiff's accommodation to work from home due to her medical conditions, however, when Plaintiff attempted to discuss this accommodation with Cohen, he first denied that Plaintiff's accommodation was approved and then he avoided the conversation by informing Plaintiff that Cohen had not spoken to Langowski yet.

36. In response, Cohen and Langowski became noticeably frustrated and told her they preferred she work in person.

37. Eventually, on or about April 11, 2025, Cohen informed Plaintiff, via text message, that her previously approved accommodation through Langowski would not be implemented and instead Plaintiff was required to continue to work in person as much as possible and text Cohen when Plaintiff needed to stay home because Cohen "like[s] to have psychs in the building in the event [he] need[s] consults…."

38. On or about April 11, 2025, Plaintiff was dealing with an additional health issue, namely, a broken foot, which required her to receive an accommodation of working from home because she was unable to drive and informed Cohen of the same.

39. Plaintiff was still trying to discuss her required accommodations with Cohen and Langowski through April 2025.

40. Plaintiff was primarily working from home during this period.

41. In or about late April 2025, shortly after these discussions, Cohen and Langowski claimed that Defendant suddenly needed full-time psychologists (not part-time psychologists).

42. Plaintiff explained to Defendant that she could not work full-time in part because of her medical conditions.

43. Cohen and Langowski knew that Plaintiff could not work full-time and that she needed accommodations because of her medical conditions.

44. Defendant's claim that Plaintiff's position was required to be full-time seemed completely absurd, not to mention discriminatory and retaliatory, as this sudden purported need followed much back-and-forth about annoyance with Plaintiff's medical accommodations requests and her inability to work 100% in-person three (3) days per week.

45. Based upon dialogue with HR and Plaintiff's management, Defendant was giving Plaintiff the impression that the sudden decision was by Cohen and Langowski, and Defendant

could not give Plaintiff a reasonable explanation for such a change after so many years (other than a preference now for full-time psychologists).

46. Plaintiff learned that a colleague, Ellyn Shwartz (hereinafter "Shwartz") who was working four (4) days per week (in a similar role to Plaintiff) was being permitted to retain her 4-day-per-week position.

47. On May 2, 2025, Plaintiff emailed Langowski as follows:

Hello again,

I have been thinking through this all the time as you can imagine. I know you have informed me that I need to increase my work schedule from 3 days per week to 5 days per week to remain employed.

As I shared, in light of my family obligations and need to manage my health conditions, I cannot work 5 days per week. Can I be considered for a 4 day per week (160 days) position, where I would just need the same medical accommodations of periodically working from home when medically helpful or necessary? I believe I can manage a 4 day work week (160 days) provided we have a discussion about my health and potential accommodation needs.

Please let me know your thoughts ASAP, so I can plan for the future. Also, if this is not okay and I can't stay employed or work 4 days per week, can you assure me I won't be given negative references if I start planning or looking for alternative employment?

Thanks.

48. Cohen answered Plaintiff's email as follows:

Good Morning Toby,

Both 120 day positions are changing to a 5 day per week, 10 month schedule in order to support the needs of the district. You would most definitely not receive a negative reference as stepping away from the full time position in order to take care of the family isn't negative in any way.

49. Having noticed that Cohen ignored everything related to Plaintiff's health as well as prior accommodation requests and attempted to falsely portray that Plaintiff could not work five (5) days per week "to care for her family," Plaintiff was compelled to respond as follows:

7

> Brian,
>
> Thank you for confirming nothing negative will be said about me. I am going to start a job search soon then in light of me being unable to work a full 5-day schedule on a permanent basis. For what it's worth though, I don't view it as "stepping away" to "take care of the family." I have continually worked a less than 5-day schedule both for family **and to manage my own health**. **For either** of these reasons, **I couldn't do** a permanent 5-day schedule. Nonetheless, I appreciate your prompt response.

(emphasis added).

50. Defendant failed to engage in a good-faith interactive process about whether Plaintiff's request to continue to work part-time could be accommodated and did not make any efforts to accommodate this request.

51. Plaintiff was willing to increase her work status from 3 days to 4 days per week and repeatedly informed Defendant of her willingness to do so.

52. However, Defendant categorically refused to accommodate Plaintiff or engage in any dialogue with Plaintiff about potential accommodations.

53. In or about June 2025, as a result of Defendants' discrimination and retaliation of Plaintiff as well as their ongoing refusal to accommodate Plaintiff, she was constructively terminated.

54. After Plaintiff's termination, she was replaced with a non-disabled employee.

55. Based on the foregoing, Plaintiff believes and avers that she was ultimately terminated from her employment with Defendant in violation of state and federal law.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff suffers from qualifying disabilities under the ADA.

58. Plaintiff informed Defendant about these disabilities and requested accommodations.

59. Defendant failed to accommodate Plaintiff and treated her rudely and with disrespect as a result of her requests.

60. Defendant also falsely claimed that Plaintiff was required to work full-time, despite years of working part-time.

61. Defendant's conduct continued over the last approximate year of Plaintiff's employment.

62. Plaintiff's actual and/or perceived disabilities and/or requests for accommodations were a motivating or determinative factor in Defendant's decision to terminate her employment.

63. Plaintiff was subjected to discrimination and a hostile work environment through disparate treatment due to her aforesaid health conditions and requested accommodations.

64. The foregoing conduct constitutes violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law; and

  F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

By: _____
    Ari R. Karpf, Esq. (91538)
    8 Interplex Drive, Suite 210
    Feasterville-Trevose, PA 19053
    215-639-0801 (P)
    215-639-4970 (F)
    akarpf@karpf-law.com

Dated: March 2, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Toby Vandersall | : | CIVIL ACTION |
| v. | : | |
| Bensalem Township School District | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 3/2/2026 | *signature* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

*RELATED CASE IF ANY:*  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A.  *Federal Question Cases:*

☐  1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2. FELA
☐  3. Jones Act-Personal Injury
☐  4. Antitrust
☐  5. Wage and Hour Class Action/Collective Action
☐  6. Patent
☐  7. Copyright/Trademark
☐  8. Employment
☐  9. Labor-Management Relations
☒  10. Civil Rights
☐  11. Habeas Corpus
☐  12. Securities Cases
☐  13. Social Security Review Cases
☐  14. Qui Tam Cases
☐  15. Cases Seeking Systemic Relief  ***see certification below***
☐  16. All Other Federal Question Cases. *(Please specify)*:_____

B.  *Diversity Jurisdiction Cases:*

☐  1. Insurance Contract and Other Contracts
☐  2. Airplane Personal Injury
☐  3. Assault, Defamation
☐  4. Marine Personal Injury
☐  5. Motor Vehicle Personal Injury
☐  6. Other Personal Injury (*Please specify*):_____
☐  7. Products Liability
☐  8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VANDERSALL, TOBY

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

### DEFENDANTS
BENSALEM TOWNSHIP SCHOOL DISTRICT

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/2/2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE